IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No.: 3:14CR00203

    Plaintiff/Respondent,

    v.  **ORDER**

Michael J. McDuffey,

    Defendant/Petitioner.

Defendant, convicted following his plea of guilty to Counts 1, 3, 4, and 5 of a five-count indictment charging him with drug and firearms offenses, who thereafter received a sixty-month sentence on Count 1 and a forty-one-month sentence on Counts 3-5, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. 24). He bases his motion on the Supreme Court decision in *Johnson v. U.S.,* — U.S. —, 135 S. Ct. 2551 (2015). The government has filed an opposition to the petition (Doc. 26), and the petitioner has filed a traverse. (Doc. 28).

For the reasons that follow, I conclude that the petition is without merit and dismiss it with prejudice. I decline to issue a Certificate of Appealability.

**Background**

As part of his plea agreement with the government, petitioner stipulated that: 1) as to Count 1 (gun count), his Guideline Range was 60 months consecutive to any other prison term; and 2) the Base Offense Level for the drug counts was 16. With a Criminal History Category of VI, his Guideline Range for Counts 3, 4, and 5 was 41to 51 months. I sentenced him to the minimum

mandatory term on the gun count of sixty months and to forty-one months, consecutive to the gun count term, on the drug counts.

Petitioner asserts three claims in his timely filed § 2255 petition:

- The statute for which he was categorized as a level 6 is unconstitutionally vague because it used the same language as *Johnson, supra*;[1]

- The language that was ruled unconstitutionally vague in J*ohnson* was the same as in his 18 U.S.C. § 924(c) gun charge; and

- He never received a 2-point reduction based on the 2014 amended drug table.

## Discussion

### 1. *Johnson* is Inapplicable

In *Johnson*, the Supreme Court addressed the constitutionality of the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). That clause provided that defendants with "three or more earlier convictions for a 'serious drug offense' or a 'violent felony,'" are subject to an enhanced "prison term [of] a minimum of 15 years and a maximum of life." *Johnson*, *supra*, — U.S. at —, 135 S. Ct. at 2255. The ACCA "residual clause" at issue in *Johnson* was its definition of a "violent felony" as: "[A]ny crime punishable by imprisonment for a term exceeding one year . . . that . . . (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The italicized portion, the Court held in *Johnson*, "imposing an

---

[1] The gravamen of this claim is unclear: it appears to relate to petitioner's Criminal History Category as a VI. With 29 criminal history points, petitioner fits firmly and squarely within that Category; as he has made no specific objection to that calculation and as his first contention otherwise appears to relate not to the Base Offense Level computation, as to which the parties stipulated in the plea agreement, I find this contention meritless and needing no further discussion.

increased sentence under the residual clause of the Armed Career Criminal Act[,] violates the Constitution's guarantee of due process." *Johnson*, *supra*, — U.S. at —, 135 S.Ct. at 2563.

The Career Offender provision of the Sentencing Guidelines, § 4B1.2(a), has likewise been challenged on the same grounds. The Guidelines Career Offender enhancement can be triggered, *inter alia*, by a "crime of violence," defined as, "(2) burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Guideline § 4B1.2(a)(ii). The Sixth Circuit invalidated this provision on the basis of *Johnson*. *U.S. v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016).

McDuffey gets no benefit from *Johnson* or *Pawlak* for the simple reason that neither the ACCA nor Guideline § 4B1.2(a)(ii) played any role in my determination of his sentence.

To the extent that he seeks to apply the rationale of *Johnson/Pawlak vis-a-vis* his conviction and sentence under 18 U.S.C. § 924(c), he cannot succeed. This is because the Sixth Circuit held in *U.S. v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016), that *Johnson* does not apply to § 924(c) offenders. In reaching this conclusion, the court distinguished ACCA's residual clause from § 924(c)(3)(B):

> First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury. Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B). Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B). Finally, the Supreme Court was clear in limiting its holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B).

*Id*. at 376.

3

Because the Sixth Circuit has held squarely and definitively that § 924(c)(3)(B) does not share the constitutional infirmity of *Johnson* (or, by implication, that of *Johnson's* progeny, *Pawlak*), there is no merit to any suggestion that petitioner is entitled to resentencing on the gun count sentence of sixty months.

### 2. Sentence Reduction is Not Otherwise Available

Petitioner's remaining claim is that he was entitled to, but did not receive, a two-level reduction provided under Amendment 782 in the drug quantity computation of his presentence report.

I agree with the government that this claim, which seeks a sentence reduction relating to application of the Sentencing Guidelines, is not, at least in relatively routine circumstances such as those herein, cognizable in a § 2255 petition. *E.g., Grant v. U.S.*, 72 F.3d 503, 505-06 (6th Cir. 1996). Instead, the proper procedural mode to accomplish a Guideline-related sentence reduction is *via* 18 U.S.C. § 3582(c)(2), which authorizes a motion to secure post-sentencing modifications where the "sentencing range . . . has subsequently been lowered by the Sentencing Commission . . . ."

While I agree that dismissal is warranted because of the lack of fit between § 2255 and the petitioner's request for a sentence reduction, I also agree that there is no merit to petitioner's contention. Most simply put, as his presentence report reflects (Doc. 17, ¶46 (under seal)), he received the benefit of the two-point reduction in the drug quantity computation.

Amendment 782 lowered the drug quantity adjustment by two levels, effective November 1, 2014–before petitioner's sentencing on March 25, 2015. Indeed, the amendment was in place and effective before December 1, 2014, when petitioner signed his plea agreement (Doc. 15, under seal)

and entered his plea, and the dates of the first (January 27, 2015) (Doc. 16 (under seal)) and final (March 5, 2015) (Doc. 17 (under seal)) disclosures of his presentence report.

As petitioner already got at sentencing what he seeks to get here–namely, the benefit of Guideline Amendment 782–his claim is moot and, in any event, otherwise without merit.

## Conclusion

None of petitioner's three claims has any merit. Assuming his first claim challenges his Criminal History Category (and is cognizable in a § 2255 petition), he has failed to show any basis for relief. As to his second claim, neither *Johnson* nor its progeny, *Pawlack*, has any application to his sentence under 18 U.S.C. § 924(c). Finally, he got the benefit of Amendment 782 at time of sentencing, and, even if he had not, a § 2255 petition is not a basis for fixing such error.

It is, accordingly,

ORDERED THAT: the petition for relief under 28 U.S.C. § 2255 (Doc. 24) be, and the same hereby is, denied with prejudice.

As jurists of reason could not reasonably disagree as to the result herein or the rationale on which it is based, I decline to issue a Certificate of Appealability.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge